UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20434-CIV-O'SULLIVAN

[CONSENT]

FERNANDO ARIAS, and all others
similarly situated under 29 USC 216(B),

    Plaintiff,

vs.

ALPINE TOWING, INC., LARRY J.
SARAVIA and YULEXIS LLUVET,

    Defendants.
_____/

## ORDER

THIS MATTER comes before the Court on the Plaintiff's Motion for Imposition of Liquidated Damages (DE# 115, 3/2/11). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Imposition of Liquidated Damages (DE # 115, 3/2/11) is **GRANTED** for the reasons set forth below.

## BACKGROUND

After a three day trial, the jury returned a verdict in favor of the plaintiff in the amount of $3,460.80 on the minimum wages claim and in the amount of $15,884.88 on the overtime claim. See Verdict Form (DE# 109, 2/25/11). The jury found in favor of the defendants on the retaliation claim. Id. The plaintiff filed the instant Motion for Imposition of Liquidated Damages (DE# 115, 3/2/11). As the prevailing party under the Fair Labor Standards Act ("FLSA"), the plaintiff requests that the jury's total award in the

amount of $19,345.68 be liquidated and doubled. The defendants filed a Response to Plaintiff's Motion for Imposition of Liquidated Damages (DE# 117, 3/18/11). The defendants assert that they showed the requisite good faith and request that the Court exercise its discretion to deny liquidated damages against them or award only a nominal amount. The plaintiff filed a Reply to Defendants' Response (DE# 118, 3/22/11), asserting that the defendants admitted at trial that they took no proactive steps to ensure compliance with the law. The plaintiff fails to attached the trial transcript to support this assertion.

## DISCUSSION

The applicable law is well established. "Any employer who violates the provisions of section 206 [minimum wages] or section 207 [overtime wages] of this title <u>shall be liable</u> to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). <u>See</u> <u>Rodriguez v. Farm Stores Grocery, Inc.</u>, 518 F.3d 1259, 1272 (11th Cir. 2008). "In any action . . . to recover . . . unpaid overtime compensation, or liquidated damages, under the [FLSA] . . ., if the employer shows to the satisfaction of the court that the act of omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] . . . , the court may, in its sound discretion, award no liquidated damages or award any amount thereof . . . ." 29 U.S.C. § 260. "Before a district court may exercise its discretion to award less than the full amount of liquidated damages, it must explicitly find that the

employer acted in good faith." C.D. Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987).

To satisfy the good faith requirement, an employer must show that it acted with both subjective and objective good faith. Farm Stores Grocery, Inc., 518 F.3d at 1272. It is important to note that "[a]n employer who seeks to avoid liquidated damages bears the burden of proving that its violation was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." See Dybach v. State of Florida Department of Corrections, 942 F.2d 1562, 1566 (11th Cir. 1991); Joiner, 814 F.2d at 1539 (citations and internal quotation marks omitted).

Subjective good faith is satisfied when the employer shows it possessed "an honest intention to ascertain what [the FLSA] requires and to act in accordance with it." Dybach, 942 F.2d at 1566 (citations omitted). In their response, the defendants state that at all relevant times they "maintained that Plaintiff was an independent contractor" and as such was not entitled to the overtime wages. (DE# 117 at 2). The defendants also assert that they "honestly believed that [they] were in compliance with the applicable law." The standard set forth in Dybach requires a showing of ***intention to ascertain the law***, not just an honest belief that the defendants acted in accordance with the law. Dybach, 942 F.2d at 1566. The defendants cite no evidence of an intention to ascertain the applicable law in their response and as such fail to satisfy their burden of demonstrating good faith. The Court finds that the defendants did not possess the requisite subjective good faith in this case.

3

Even if the subjective good faith requirement is satisfied, the defendants must also demonstrate objective good faith. See Dybach, 942 F.2d at 1567. This standard is satisfied if the employer had reasonable grounds for believing that its conduct comported with the FLSA and took affirmative steps to investigate and ensure that the payment of wages was in conformity with the federal wage laws. Id. The defendants claim that they satisfied the objective good faith standard solely because the classification of the plaintiff as an independent contractor was allegedly "a close call," and, therefore, was "clearly within the 'reasonable grounds' requirement of the good faith test." See Defendant's Response (DE# 117 at 3). Even if there were reasonable grounds to believe that the plaintiff was an independent contractor under the FLSA, the law requires that the defendants show what actions they took to ascertain this belief. See Barcellona v. Tiffany English Pub, 579 F.2d 464, 469 (5th Cir. 1979)[1] (explaining that good faith "requires some duty to investigate potential liability under the FLSA") (citation omitted). The defendants have failed to make this showing.

In Cooper v. Fulton County, 458 F.3d 1282, 1287 (11th Cir. 2006), the Eleventh Circuit affirmed an award of liquidated damages due to lack of objective good faith where the employer failed to consult with an attorney, contact the Department of Labor ("DOL") or to review any of the DOL's advisory opinions prior to wrongfully terminating an employee. Id. By contrast, in Reyes v. Falling Store Enterprises, Inc., No. 6:04-CV-1648-ORL-KRS, 2006 WL 1319418, at *3 (M.D. Fla. May 11, 2006), the court found

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit that were rendered prior to October 1, 1981.

that the defendant possessed the requisite objective good faith based on its reliance on the advice provided by its payroll company. In the instant case, the defendants have failed to show that they took affirmative steps to ascertain the applicable law. The burden is squarely on the defendants to shows their attempts to investigate the matter and the applicable labor laws. In their response, the defendants offer no examples of such affirmative steps. This Court finds that the defendants have failed to meet the objective good faith standard.

Liquidated damages under 29 U.S.C. §216(b) are mandatory absent a showing of good faith. Joiner, 814 F.2d 1539 (citing EEOC v. First Citizen Bank of Billings, 758 F.2d 397, 403 (9th Cir. 1985)). The defendants failed to satisfy the subjective and objective good faith standards. The Plaintiff's Motion for Imposition of Liquidated Damages (DE# 115, 3/2/11) is **GRANTED**.  The jury's award is liquidated and doubled for a total of **$38,691.36** for the plaintiff.

Judgment in favor of the plaintiff and against the defendants will be entered in a separate Order.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **30th** day of March, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record